## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

TA'BORIS FISHER                                                                              PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:06-cv-101 HTW-LRA

KENNETH TALTON, et al.                                                            DEFENDANTS


## ORDER TO DISMISS

Before the court is defendants' motion to dismiss for immunity [docket # 8] submitted under Federal Rule of Civil Procedure 12(b)(6),[1] and plaintiff's motion for extension of time [docket # 12].  Plaintiff has now filed his response which is the subject of his motion, so the court grants this motion.  The court next turns to defendants' claim of immunity, a motion fully briefed by the attorneys for the respective parties who argue polar positions on the matter.

The defendants herein, The City of Jackson, Mississippi, The City of Jackson, Mississippi, Police Department, and one of its officers, Kenneth Talton, contend in their motions that all of the defendants are entitled to immunity relative to an incident between plaintiff Ta'Boris Fisher and Officer Kenneth Talton, during which time Officer Talton mistakenly detained and handcuffed Fisher to investigate whether Fisher was driving a stolen vehicle.  For the reasons enunciated here, this court grants the motion.

---

[1]Pursuant to Federal Rule Civil Procedure 12(b)(6), dismissal of a lawsuit is proper when plaintiff has failed to "state a claim upon which relief can be granted."

## I.  Plaintiff's Claims and The Court's Jurisdiction

Pursuant to Title 42 U.S.C. § 1983,[2] Fisher asserts violations of the First,[3] Fourth,[4] and Fourteenth Amendments[5] to the United States Constitution, further described in his complaint as a deprivation of liberty without due process of law, as well as a right not to be arrested without probable cause.

Under the purported authority of Title 28 U.S.C. § 1367,[6] Fisher also asserts pendant state law claims against the officer, and vicariously against the City and Police Department, for "severe mental anguish and emotional distress, legal expense, damage to his reputation, and impairment of personal relationships."  This court has subject matter jurisdiction over this dispute under Title 28 U.S.C. §1331.[7]  Plaintiff alleges claims under the United States Constitution, thus triggering "federal question jurisdiction."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001);  *Burton v.*

---

[2]Title 42 U.S.C. § 1983 permits a party within United States jurisdiction to bring a civil suit against any person who, acting under color of state law, deprives that party of "any rights, privileges, or immunities secured by the Constitution . . ."

[3]United States Constitution, amend. I, protects plaintiff's rights to free speech, free exercise of religion, peaceable assembly, and petition of the Government for redress of grievances.  Plaintiff asserts that he suffered a deprivation under the First amendment; however, his only stated constitutional claims are allegations of arrest without probable cause, and deprivation of liberty without due process, neither of which forms a first amendment claim.

[4]United States Constitution, amend. IV, in pertinent part, protects plaintiff's right to be free from unreasonable seizure.

[5]United States Constitution, amend. XIV, in pertinent part, protects plaintiff from State deprivation of liberty without due process of law.

[6]Title 28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."

[7]Title 28 U.S.C. § 1331 provides:  "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

*Southwood Door Co., MEA, Inc.*, 305 F.Supp.2d 629, 632 (S.D. Miss. 2003) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003)).

## II. Facts

The parties are in agreement as to the material facts underlying this suit. On May 14, 2005, Officer Kenneth Talton of the City of Jackson, Mississippi, Police Department, while on patrol in the City, was instructed to be on the lookout for a stolen green Mitsubishi GT automobile with a license tag # 193HCP. Two individuals had called the police and reported the vehicle to be stolen. Those reporting individuals said they were then in pursuit of the vehicle. They kept the vehicle in sight until police responded to the report.

Plaintiff was the driver of the vehicle in question. He earlier had noticed that a strange car was following him. He said as much to his girlfriend, then for her protection, he left her house to carry with him the strange car which was patrolling up and down the street in front of his girlfriend's house.

Officer Talton arrived on the scene and stopped plaintiff, but prior to exiting the police vehicle, he was notified by a Jackson Police Department dispatcher that the police had no history of the vehicle having been reported stolen. The two reporting individuals on the scene agreed that they had not made a stolen vehicle report, and revealed the reason why: the car had been stolen in a drug deal gone bad. Thus, the two reporting individuals continued to assert that the vehicle in question belonged to them.

Officer Talton drew his firearm, directed plaintiff to exit the vehicle, and

handcuffed plaintiff.  Plaintiff asserted his innocence and his lawful ownership of the vehicle;  his accusers countered that the theft had not been previously reported but continued to assert that plaintiff's vehicle belonged to them.

Officer Talton, aided by other officers at the scene, proceeded to investigate the allegations.  Plaintiff was not taken to jail;  instead, the officers removed his handcuffs and placed him in the back of the police vehicle while they conducted an on-scene investigation.  That investigation revealed that the car was not stolen, but was legally registered to the plaintiff's father.  Plaintiff's accusers, who had steadfastly maintained until that time that plaintiff's vehicle was the same vehicle previously stolen from them, then apologized to plaintiff.  Plaintiff was immediately released.

### III. <u>Motion to Dismiss for Immunity</u>

An affirmative defense of qualified immunity should be resolved at the earliest possible stage.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982), and may be resolved by Rule 12(b)(6) if allegations are clearly established within the complaint.  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 423-27 (5th Cir. 2006);  *Muniz v. City of Harlington*, 247 F.3d 607, 608 (5th Cir. 2001);  *Breeden v. Univ. of Miss. Medical Center*, 241 F.Supp.2d 668, 675-76 (S.D. Miss. 2001).  Dismissal of an action is ordinarily unjustified where the plaintiff has had only one opportunity to state his case.  *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  Once plaintiff has notice of defendants' immunity claim and is permitted to amend or supplement his pleading in response, the court may presume he has pleaded his best case and proceed with a Rule 12(b)(6) analysis.  *Id.* at 792-793.

4

Under a Rule 12(b)(6) analysis, the court looks to the legal sufficiency of the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing test set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Dismissal for failure to state a claim is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The complaint must state the facts and allegations with enough clarity that the court can determine whether, when taken as true and construed in the light most favorable to the plaintiff, the allegations entitle plaintiff to relief on any possible theory. *Id.* at 161-62 (cites omitted); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The court should grant dismissal "only if an affirmative defense or other bar to relief appears on the face of the complaint." *Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 593 (5th Cir. 1991) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990)).

When an immunity defense is raised, the court undertakes a two-part analysis. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001); *Price v. Roark*, 256 F.3d 364 (5th Cir. 2001); *Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997). First, the court must consider whether the facts alleged, taken in the light most favorable to plaintiff, establish a violation of a constitutional right. *Price*, 256 F.3d at 369. If the allegations could make out a constitutional violation, the court next asks whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. If an officer holds a "reasonable, but mistaken,

5

belief[ ] as to the facts establishing the existence of probable cause," the officer is still entitled to the immunity defense.  *Id.* at 206.

Defendants further seek immunity from Fisher's state law claims.  Fisher claims to assert "actions under the laws of the State of Mississippi which may be brought within the supplemental jurisdiction of this Court."  Complaint, ¶ 2.  On its face, the complaint asserts claims for violations of constitutional rights: a deprivation of liberty without due process, and arrest without probable clause.  Next, Fisher asserts that defendants City of Jackson and the Jackson Police Department are vicariously liable for Talton's actions.  The complaint does not expressly set out separate state law claims, but contends within those two claims for relief that Talton's acts caused him "severe mental anguish and emotional distress, legal expense, damage to his reputation, and impairment of personal relationships."  Complaint, ¶¶ 21, 24.  Construed liberally, the complaint may suggest state law claims for negligence, gross negligence, false arrest, and/or negligent and/or intentional infliction of emotional distress.

To be cognizable, these state law claims must clear the hurdles erected by the Mississippi Tort Claims Act [MTCA].[8]  "Any tort claim filed against a government entity or its employee shall be brought only under the MTCA."  *Duncan v. Chamblee*, 757 So.2d 946, 949 (Miss. 1999)(citing Miss. Code Ann. 11-46-7(1),(2)).  The MTCA acts as a limited waiver of the State's sovereign immunity for the tortious acts of State governmental entities and their employees "while acting within the course and scope of their employment."  Miss. Code Ann. § 11-46-5.  A rebuttable presumption applies that

---

[8]Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002).

"any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." *Id.* This presumption may be overcome by evidence that "the employee's conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense," in which case the governmental entity shall not be liable. *Id.* Plaintiff's facts and allegations, construed liberally, do not assert or provide evidentiary support for any claim that would overcome this presumption. For acts which occur within one's course and scope of employment, the individual employee may not be held personally liable. *Id.* Further, liability is limited to a sum of not more than five hundred thousand dollars ($500,000.00), and may not include an award for punitive damages, interest, or attorney's fees "unless attorney's fees are specifically authorized by law." Miss. Code Ann. § 11-46-15. At trial, to be successful, the litigants must prove their claims by a preponderance of the evidence.

State actors accused under the MTCA also may claim immunity if the acts or omissions sued upon are encompassed by any of the specific exemptions from liability set forth in Miss. Code Ann. § 11-46-9(a)-(x). Relevant to this case, a governmental entity and its employees are exempt from liability for any act or omission taken within the particular context of "duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *Id.* at (b).

Plaintiff makes a bare assertion that Talton acted with reckless disregard; however, he pleads no facts that support such an allegation. In *Foster v. Noel*, 715 So.2d 174 (Miss. 1998), another suit for false arrest, the Mississippi Supreme Court affirmed in part and reversed in part the lower court's decision in the context of a case

7

of mistaken identity.  In *Foster*, the Court found that a police officer who served a valid arrest warrant on a woman who was incorrectly identified as the suspect had not acted with reckless disregard and was entitled to immunity under § 11-46-9(c).  In contrast, a second officer was found to have acted with reckless disregard where facts indicated that he was told by the complainant that the suspects were two males, yet he listed a female on the affidavit without further investigation.

## IV. <u>ANALYSIS</u>

### a. Immunity

Plaintiff asserts that once a police dispatcher informed Officer Talton that the police had no prior report of the car being stolen, "objective reasonableness" dictated that he should not have pulled his firearm and detained plaintiff.  The court is not persuaded by plaintiff's argument, but is convinced instead that defendants are entitled to immunity under federal and state law.

Faced with ambiguous circumstances and conflicting reports from persons on the scene of an alleged crime, Officer Talton acted reasonably in detaining the accused for a brief period of investigation.  Officer Talton clearly recognized that should he fail to detain the car and driver, he might allow a stolen car and thief to escape.  Further, he had to recognize that an immediate risk of confrontation, potentially violent, could ensue between plaintiff and his accusers if police officers did not intervene and investigate the allegations.  These facts clearly support immunity under federal law, as Officer Talton acted reasonably under the circumstances.  *See Saucier*, 533 U.S. 194;  *Price*, 256 F.3d 364;  *Foster*, 715 So.2d 174;  *Duncan*, 757 So.2d 946.

Relative to plaintiff's purported state law claims, this court finds that plaintiff presents no facts which could fairly be said to support a finding of reckless disregard. The court accepts as true all facts pled by Fisher, yet finds them insufficient to overcome the immunity protections afforded his state law claims under the MTCA.

Officer Talton also acted reasonably in handcuffing plaintiff and performing a spread-eagle search of him when Talton placed plaintiff on the ground. According to the two accusers, their car had been taken in a "drug deal gone bad." Talton had every right to fear for his safety if indeed he was in the presence of a violent drug offender. *See United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (citing *United States v. Howard*, 106 F.3d 70, 75 (5th Cir. 1997), *United States v. Rodea*, 102 F.3d 1401, 1408 (5th Cir. 1996), in recognizing reasonableness of officer safety concerns arising from knowledge that drug traffickers frequently carry weapons); *see also United States v. Coleman*, 969 F.2d 126, 131 n.20 (5th Cir. 1992) (noting frequent association of violence with drug transactions); *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999) (noting potential threat to officer safety posed by any vehicle stop is enhanced "during the stop of a vehicle suspected of transporting drugs.").

### b.  The *Monell* Doctrine

Defendants City of Jackson and Jackson Police Department piggy-back Officer Talton's immunity argument, as they are sued vicariously, but seek dismissal of the §1983 claim against them on yet another ground:  the *Monell* Doctrine.  Plaintiff, according to these defendants, has not implicated any official custom or policy which proximately caused Officer Talton's alleged unconstitutional conduct. *See Monell v.*

*Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690-94, 78 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611 (1978);  *see also Rivera v. Houston Indep. School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); *Spiller*, 130 F.3d at 167 (5th Cir. 1997);  *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996);  *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992).  Plaintiff's claims against these defendants rest on his assertion of vicarious liability.  Plaintiff must satisfy a cause in fact requirement in order to hold a local government entity liable under §1983 for an employee's misconduct.  *Spiller*, 130 F.3d at 167 (cites omitted).  To do so, plaintiff must plead specific facts that describe an official policy or custom that led to plaintiff's injury or was the moving force behind the alleged constitutional violation.  *Id.*;  *Rivera*, 349 F.3d at 247.  Fisher names no specific policy or practice, nor does he allege any specific causal relationship between any governmental policy and his alleged injuries.  Thus, these two parties additionally are entitled to dismissal under the *Monell* Doctrine.

### c.  State Law Claims

Finally, since the state law claims are pendant to the federal claims, the court has discretion under § 1367(c)(3) to dismiss those claims.  *Noble v. White*, 996 F.2d 797 (5th Cir. 1993).  In determining whether to retain jurisdiction of state claims after federal claims are disposed of, the court considers judicial economy, convenience, fairness, federalism, and comity.  *Engstrom v. First Natl. Bank of Eagle Lake*, 47 F.3d 1459. When federal claims are dismissed prior to trial, pendant state law claims are ordinarily dismissed as well.  *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004);  *see also Bass v. Parkwood Hosp.*, 180 F.3d 234 (5th Cir. 1999) (noting dismissal of

pendant claims should be without prejudice).  Here, this court has determined that Officer Talton's actions are shielded by both federal and state immunity;  therefore, this court hereby dismisses plaintiff's state law claims as well.

## V.  <u>Conclusion</u>

This court finds no fault in how Officer Talton sought to rectify the ambiguous situation which confronted him.  Two persons on the scene asserted plaintiff was driving their car and offered a believable explanation why earlier they had not reported the car stolen.  Officer Talton acted reasonably, both in detaining plaintiff and in taking steps to ensure his and the accusers' safety by searching and handcuffing plaintiff, while in the process of verifying the actual facts.  Officer Talton undisputably is entitled to immunity and so are the other defendants because their purported liability is vicarious.  Further, even if this court had not found that immunity lies here, the court, nevertheless, would have dismissed the City of Jackson and its police department for failure of plaintiff to make a claim against them acceptable under the *Monell* Doctrine.  Thus, this court hereby dismisses this lawsuit in its entirety.

SO ORDERED, this the 19th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Order to Dismiss
Civil Action No. 3:06-cv-101-HTW-LRA

11